ATTORNEY GENERAL *vs.* COMMISSIONERS OF NORFOLK COUNTY (and a consolidated case[1]). May 26, 1992. *County*, Lease of court house. *Commonwealth*, Lease of court house. *Landlord and Tenant*, Parking.

This is an appeal from a preliminary injunction entered in favor of the plaintiffs prohibiting the pay-for-parking plan initiated by the commissioners of Norfolk county. The plaintiffs filed complaints for declaratory and injunctive relief.[2] After hearing, a Superior Court judge enjoined the defendants from implementating the pay-for-parking plan and the county from closing the parking lots. The defendants applied for interlocutory review. See G. L. c. 231, § 118, first par. (1990 ed.). A single justice of the Appeals Court consolidated the cases and denied relief. The defendants appealed to a panel of the Appeals Court. We transferred the cases to this court on our own motion. We affirm.

The Commonwealth entered into a contract subject to appropriation with the county of Norfolk for the lease of courthouse facilities and services for fiscal year 1991. See G. L. c. 29A, § 4 (1990 ed.). The Legislature's appropriation for fiscal 1991 was insufficient. See *County of Barnstable* v. *Commonwealth*, 410 Mass. 326 (1991).

In January, 1991, the county commissioners determined that, in order to maintain the courthouse complex, the county would institute a charge for parking at the courthouse complex in Dedham. The Attorney General, the Trial Court, and the town of Dedham sought relief pursuant to G. L. c. 231A.

The lease provides the following term: "27. *PARKING AREA.* Lessee shall have the right to use in common, together with Lessor, any parking area owned or leased by Lessor near the demised premises as shown and depicted on Exhibit 'F' . . . . Notwithstanding the foregoing, Lessor agrees that those parking spaces outlined in red in Exhibit 'F' and labled 'Courthouse Parking,' if any, shall be for the exclusive use of Lessee, its employees and invitees."

[1]The Trial Court and the town of Dedham filed a separate complaint based on different grounds.

[2]The complaints state different grounds for declaratory and injunctive relief. Because we conclude that the lease does not permit the pay-for-parking plan, we do not reach any other issues.

The county asserts that the lease provides only for "shared use with the landlord. It does not stipulate whether . . . there would be a charge . . . . Accordingly, the lessor . . . retain[ed] the right to charge for parking as long as use is provided to court personnel and their invitees." The county relies on *Marcelle, Inc.* v. *Sol. & S. Marcus Co.*, 274 Mass. 469, 474 (1931). In *Marcelle, Inc.*, we said that a court will not add a provision where the lease is silent. As we read the lease, the demised premises include the parking area. The county signed the lease knowing that it was subject to appropriations and that the lease included the parking. The imposition of a fee for parking thus contradicts the terms of the lease. The lease by its terms does not permit the lessor unilaterally to impose a charge for parking.[3]

Because the judge's legal conclusion was correct that the lease included parking and therefore the pay-for-parking plan was improper, there was no error in issuing a preliminary injunction. The order enjoining implementation of the pay-for-parking plan is affirmed.

*So ordered.*

*Nancy F. Gans* (*Terry Philip Segal & Barbara E. Stedman* with her) for the defendants.

*James A. Sweeney*, Assistant Attorney General, for the Attorney General.

*Leonard Kopelman*, Town Counsel, for the town of Dedham, was present but did not argue.


---

[3]Subsequently, the defendants terminated the lease. The only issue before us is the correctness of the injunction issued at the time the lease was in effect. We therefore limit our discussion to that issue.